van Gestel, Allan, J.
This matter is before the Court on two motions by the plaintiff, Tourtellotte Solutions, Inc. (“Tourtellotte”), seeking expedited discoveiy. What is sought is to serve limited document requests with a foreshortened answering period and commissions seeking the right to inspect certain computer software at three out-of-state sites. The motions are opposed.
The timing of the kind of discoveiy sought is regulated by Mass.RCiv.P. Rule 34, unless modified by the Court. Rule 34(b) ordinarily requires leave of court if the plaintiff — here Tourtellotte — seeks to inspect materials or respond to a request for documents prior to the expiration of 30 days after service of the request. Further, Rule 34(b) permits a defendant to have 45 days after service of the summons and complaint to respond to a request to inspect or for production of documents.
The docket does not yet reflect when the summons and complaint were served. The complaint itself was filed on September 14, 2005. All parties were before the Court on October 27, 2005, to argue the motions. Thus, at least the ordinary time limitation on inspection of materials may already be near the end. The response time to respond to document requests or requests for leave to inspect materials, however, does not begin until the requests are served.
There is a question raised by ihe defendants regarding Tourtellotte’s standing to bring this lawsuit, and there is a challenge to the emergency nature of the motions.
The Court notes Tourtellotte’s comment in paragraph 12 of its motion for leave to take expedited discoveiy, Paper #6. There it said:
Tourtellotte requires speedy discoveiy from this Court in order to preserve its right to seek preliminary injunctive relief. Tourtellotte contemplates that expedited discoveiy will accelerate the consideration of a motion for preliminary injunction on the issue of software misappropriation.
At the end of the foregoing statement is a footnote that reads: “Due to the passage of time, Tourtellotte does not contemplate moving for preliminary relief regarding the non-competition and non-solicitation claims in its Complaint; rather, Tourtellotte contemplates seeking money damages under these claims.” Thus, under the non-competition and non-solicitation claims there is no emergency or need to deviate from the ordinary discoveiy rules and deadlines.
The issue of software misappropriation sounds very much like trade secret misappropriation. As such, there are two issues that properly should be resolved before discoveiy begins. A detailed description of what is claimed to be a trade secret must be provided and a protective order of some sort needs to be worked out.
Both for the defendants to respond to the charges against them, and for the Court to make appropriate findings and rulings in the case, there must be a clear designation that distinguishes unique or proprietary material from the vast body of the Tourtellotte program and source code, and apprises a person what trade secrets *270 Tourtellotte claims are to be found in Tradestone’s product. That cannot be done on the present record.
Further, at oral argument, a form of protective order was presented to the Court by Tourtellotte. Apparently, however, the defendants had just received it and were not in a position to indicate their degree of acceptance of the form.
The Court, itself, has a problem with a portion of the order proposed. Thus, this explanatory memorandum.
Paragraph 16 deals with the filing of confidential information with the Court. It commands that all such material “shall be filed in sealed envelopes or other appropriate sealed containers . . .”
The Suffolk Superior Court Clerk’s Office is responsible for literally thousands of case files and dockets many hundreds of filings every day. The handling of documents in sealed envelopes or containers, which must be kept apart from the regular case file, is a logistical nightmare. Tire Clerk must docket everything filed, including anything in a sealed envelope or container. The process in para. 16 commanding filing first and then moving for authority to do so is not workable.
Further, when part of a case file is in a place of secure keeping separate and apart from the remainder of the file, the Court itself is often missing a part of the file that may be of significance to rendering a decision. Consequently, this Court — which may receive more of these kinds of requests than others — does not approve the blanket provisions permitting filings in sealed envelopes or containers. Rather, it imposes on the parties the requirement that they first follow the Uniform Rules on Impoundment Procedure.
The Uniform Rules on Impoundment Procedure set forth the requirements for impoundment. There must be a motion, accompanied by an affidavit. Rule 2. The motion can be ex parte, but it is not preferred. Rule 3.
Rule 4 dictates the manner of service of a motion for impoundment, which is basically in accordance with Mass.R.Civ.P. Rule 5, unless it is prior to service of the complaint, in which latter case Mass.R.Civ.P. Rule 4 shall apply. Rule 4 also implies that the Court can issue an order of notice.
Impoundment may be ordered after hearing, for good cause shown. Rule 7 sets out the criteria. It also says that “agreement of all parties . . . shall not, in itself, be sufficient to constitute good cause.”
In The Boston Herald, Inc. v. Sharpe, 432 Mass. 593 (2000), the Supreme Judicial Court clarified the procedures for litigants to follow regarding impoundments. Id. at 603-08. The SJC recited its “longstanding recognition that ‘only in the most extreme situations, if at all, may a State court constitutionally forbid a newspaper (or anyone else) to report or comment on happenings ... which have been held in open court; and a similar rule would apply to court files otherwise unrestricted.’ ” Id. at 604.
The SJC said, quoting from Rule 7, that there must be “good cause” to withhold documents from the public. It is through a balancing process that a judge makes the determination of good cause. Id. at 605, n.23. There is a “rigorous presumption of openness” against which the balancing must occur. Id. at 608. See also H.S. Gere & Sons v. Frey, 400 Mass. 326, 332 (1987).
In short, this Court will not permit the filing of documents in sealed envelopes or containers unless prior permission is granted under the Impoundment Rules. In many instances there is no need to file the papers thought by counsel or their clients to be confidential. Redacted copies or descriptions that omit the confidential parts will generally suffice. And the Court, if it really needs to see the papers, can always make that request, with an appropriate protective order at the time.
For the foregoing reasons, this Court declines to approve the proposed order in its present form. If strict compliance with the Impoundment Rules is substituted, and no documents are automatically granted secret status, then this Court will approve an order that is otherwise consistent with that proposed, if there is agreement among the parties.

ORDER

For the foregoing several reasons, the Court DENIES the Plaintiffs Emergency Motion for Commission and Order to Issue Out-of-State Subpoena, Paper #5, and DENIES the Plaintiffs Emergency Motion for Leave to Take Expedited Discovery, Paper #6.
The parties are urged to attempt resolution of these discovery issues among themselves before returning to Court for further action.